IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| H. B. A., | |
| *Petitioner*, | Civil Action No. 3:26-cv-265 |
| v. | Hon. William S. Stickman IV |
| LEONARD ODDO, *et al*, | |
| *Respondents*. | |

**ORDER OF COURT**

Pending before the Court is Petitioner's Petition for Habeas Corpus.  (ECF No. 1).  He is detained at Moshannon Valley Processing Center under 8 U.S.C. § 1226(c) based on a criminal conviction.  (ECF No. 1).  Petitioner has not received a bond hearing in over two years, and he seeks an order from the Court directing that he receive an individualized bond hearing before an immigration judge.

Immigrants detained under § 1226(c) may bring as-applied challenges to the constitutionality of their detentions.  *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203 (3d Cir. 2020) (stating,"[w]hen detention becomes unreasonable, the Due Process Clause demands a hearing." *Id*. at 210 (cleaned up)).  In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. *Id*. at 211 (citations omitted).  Here, Respondents have acknowledged,

> Petitioner in this case has been detained without a hearing since approximately December 28, 2023—approximately 27 months. Petitioner-sought continuances appear to account for approximately five months of that period.  A Court in this district has previously ordered a bond hearing after finding a similar two-and-a-

1

half-year period of detention without a bond hearing to be unreasonable. *See Dulule v. Warden Moshannon Valley Proc. Cnt'r*, 2026 WL 538926, at \*2 (W.D. Pa. Feb. 26, 2026) (Haines, J.). Respondents will facilitate the scheduling of any Court ordered bond hearing.

(ECF No. 11, p. 1). The Court appreciates Respondents' candor as it is evident that Petitioner's detention pursuant to § 1226(c) without bond has become unreasonable and violates due process.

AND NOW, this 24th day of March 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART. It is GRANTED in that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226. Within seven (7) days thereafter, the parties shall provide notice to the Court of the outcome of the bond hearing. IT IS FURTHER ORDERED that the petition is DENIED to the extent it requests any additional relief.

In light of the recent opinion of the United States Court of Appeals for Third Circuit, *Abioye v. Warden Moshannon Valley Correctional Center*, --- F.4th ----, 2026 WL 263483 (3rd Cir. Feb. 2, 2026), should he wish to do so, Petitioner shall file any motion for costs and fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) within ten (10) days.

BY THE COURT:

*/s/Williams S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

2